Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
1011 Commercial Street NE
Salem OR  97301-1049
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JEANNIE ROMINE | No.   6:20-CV-01124-AA |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| SALEM KEIZER SCHOOL DISTRICT 24J, | |
| Defendant. | |

The above-listed case involves claims of an employee of Salem Keizer School District (the "District") who alleges she has been subjected to discrimination and retaliation in relation to her employment with the District (the "District").

As part of discovery, the parties anticipate exchanging confidential information, including personnel records, private health and financial information, as well as student records the District would otherwise be prohibited from disclosing pursuant to the Family Education Rights and Privacy Act ("FERPA"), 20 USC § 1232g and 34 CFR Part 99; as well as ORS 326.560 and OAR 581-021-0220(12) thru 581-021-0250.

Accordingly, the parties who have appeared in this action, as noted by their signatures below, by and through their respective attorneys where applicable, hereby STIPULATE AND AGREE to the following protective order.

1.     As used in this Protective Order, the word "document" is set forth within Plaintiff's First Request for Production of Documents to the District dated January 12, 2021.

2.     All documents and information provided by the parties, their agents, affiliates, employees, attorneys, accountants, or any and all other persons or entities acting, or purporting to act, on either party's behalf, and that are marked "Confidential," are confidential and protected by this Stipulated Protective Order. In addition, deposition testimony may be designated as confidential during the course of the deposition, in which case the court reporter shall record the appropriate designations.

3.     All documents and information provided by the parties shall be safeguarded and shall not be disclosed, except disclosure may be made, subject to the provisions of paragraph 4 of this Stipulated Protective Order, to:

    a.     Partners, associates and employees of the law firms representing the parties to this litigation;

    b.     Independent experts or consultants who have been retained and requested by counsel to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that each expert or consultant to whom confidential documents or information have been, are being, or will be disclosed are informed of the provisions and restrictions of this Stipulated Protective Order and agree to comply with the same;

    c.     The parties and their employees, officers, and directors, provided that each party, employee, officer and director to whom confidential documents or information have been, are being, or will be disclosed are informed of the provisions and restrictions of this Stipulated Protective Order and agree to comply with the same;

    d.     The court, provided that the party filing it has, in compliance with the relevant provisions of UTCR 5.160 and any local rules, obtained an order sealing the document or information to be filed, or has obtained the consent of the other party; and

e.    Any stenographer or court reporter acting in an official capacity in this litigation.

4.    The authorized disclosures provided for in paragraph 3 shall be solely for use and purpose of this action.  No person or entity subject to this Protective Order shall use or disclose for any other purpose, including, but not limited to, other civil actions or administrative proceedings, directly or indirectly, any document or other information obtained in this action that has been provided by any party and, thus, is deemed confidential, unless written consent is provided by any party's counsel or unless the court directs otherwise.

5.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and the court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

6.    Information or documents designated confidential may be referred to in discovery responses and requests, motions, briefs and other court papers, and may be used in depositions and marked as deposition or trial exhibits in this action.  However, information or documents designated confidential may be used in this manner only if the document, or portion of the document where the confidential information is revealed, is marked as confidential.  Any document to be filed with the court must comply with the requirements of 3.d. above.

7.    Nothing in this Protective Order shall prevent counsel for the parties from agreeing at any time that certain documents or information otherwise covered by this Protective Order, including information disclosed during oral depositions, is not confidential and may not be treated in accordance with the terms of this Protective Order.

8.    Nothing herein shall prevent a party from seeking any change or modification in this Stipulated Protective Order, or foreclose any party from requesting any further additional protective orders or relief.  The court reserves the right to make any changes or modifications to this Protective Order that it determines to be in the interest of justice.

9. Within 30 days after the final adjudication of this action, including, but not limited to, the final adjudication of any appeal or petition for extraordinary writs, all documents designated as "confidential" and all copies thereof, including all extracts and summaries thereof and all documents containing information taken therefrom, except attorney work product, in the custody, possession, or control of any party, shall, at the request of the party designating the documents as "confidential" be either returned to the counsel for the party who produced such documents by all persons to whom such documents have been furnished, or certified to have been destroyed.

This Protective Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence by reason of lack of timeliness or relevance, asserting of a privilege, undue burden, or any other lawful ground.

**IT IS SO STIPULATED:**

| | |
|---|---|
| *s/ Loren W. Collins* | April 6, 2021 |
| Loren W. Collins (OSB No. 822213) | Date |
| Of Attorneys for Plaintiff | |
| | |
| *s/ Luke W. Reese* | April 6, 2021 |
| Luke W. Reese (OSB No. 076129) | Date |
| Of Attorneys for Defendant | |

STIPULATED PROTECTIVE ORDER:                                                                                   Page - 4
Romine v. Salem Keizer School District 24J

## ORDER

Pursuant to the stipulation of the parties,

IT IS HEREBY ORDERED that this Stipulated Protective Order is granted.

_____

**SUBMITTED BY:**
Luke W. Reese (OSB No. 076129)
Of Attorneys for Defendant

EXHIBIT A

I, _____, have been advised by counsel of record for _____ in _____ of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed

_____
Date

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **proposed Stipulated Protective Order** on the date indicated below,

[X]   Via First-Class Mail with postage prepaid
[ ]   Via Electronic Filing
[ ]   Via Facsimile Transmission
[ ]   Via Hand Delivery
[ ]   Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

>   Loren W. Collins
>   Loren Collins P.C.
>   780 Commercial Street SE, Suite 202
>   Salem OR  97301
>   *OSB No. 822213*
>   *Phone:  971-273-0427*
>   *Fax:  503-689-1493*
>   *Email:  lorencollins2014@outlook.com*
>          Attorney for Plaintiff

DATED April 6, 2021

GARRETT HEMANN ROBERTSON P.C.

*s/ Luke W. Reese*
Luke W. Reese
OSB No. 076129
Phone:  503-581-1501
Fax:  503-581-5891
lreese@ghrlawyers.com
Of Attorneys for Defendant

4831-4261-7316, v. 1